Marvin, J.
The defendant specifies in his demurrei seven grounds of objection to the complaint, only two of which are authorized by the Code, viz., that there is a defect of parties, and that the complaint does not state facts sufficient to constitute a cause of action. The other grounds have reference to the sufficiency of the facts stated in the complaint to constitute a cause of action.
It is not material in this case to inquire whether a defendant may demur for a misjoinder of plaintiffs, if the complaint states facts showing that Crane is entitled to the office; for the Code requires that when an action of this kind is brought by the attorney-general, on the relation or information of a person having an “ interest in the question,” that the name of such person shall be joined with the people as plaintiff. (Code, § 434.) If, therefore, the complaint does show that Crane had “ an interest in the question,” he being the relator, was properly and necessarily made a party plaintiff, and the inquiry, whether a demurrer will lie for a misjoinder of plaintiffs, does not arise.
It seems to me that the facts stated in the complaint are sufficient to show that he had an interest in the question. It is objected that facts are not stated touching the election and the holding and result of the same, but that the statements are' mere conclusions of law. In this the counsel is mistaken. The allegations that an election was duly and legally held in the county, pursuant to the statute in such case made and provided, for the election, among other officers, of a county judge, and that Crane was duly and lawfully *437 elected, are statements of facts. The allegations that at such election a majority of the legal .votes given at the election were given and received for Crane for county judge, and that he was then and there duly elected to the office of county judge, are statements of facts. It was not necessary to state how many votes were given at the election for each candidate, thus showing that Crane had received the greatest number; but the allegation that he received a majority of the legal votes and the allegation that he was duly and lawfully elected, were sufficient.
The Code requires that the complaint contain a plain and concise statement of facts constituting a cause of action, without unnecessary repetition. (§ 142.) This rule is substantially as it existed prior to its enactment in actions at law. Chitty says, in general, whatever circumstances are necessary to constitute the cause of complaint or the ground of defence, must be stated in the pleadings, and all beyond is surplusage; facts only are to be stated and not arguments or inferences, or N matter of law, in which respect the pleadings at law appear to differ materially from those in equity. (1 Ch. Pl., 245.) At page 266, he says it is a most important principle of the law of pleading, that in alleging the fact it is unnecessary to state such circumstances as merely tend to prove the truth of it. The dry allegation of the fact, without detailing a variety of minute circumstances which constitute the evidence of it, will suffice. The object of the pleadings is to arrive at a specific issue upon a given and material fact; and this is attained, although the evidence of such fact to be laid before the jury be not specifically developed in the pleadings. (And see Firth v. Thrush, 8 B. & C., 387; Dyett v. Pendleton, 8 Cow., 728.)
I have supposed it safe and a compliance with the Code, to state the facts constituting the cause of action substantially in the same manner as they were stated in the old system in a special count. By that system the legal issuable facts were to be stated, and the evidence by which those *438 facts were to be established was to be brought forward upon the trial. This position will not embrace what were known as the common counts. Facts from which the indebtedness appears should be stated, so that the defendant by his answer may put them in issue or avoid them. Under the present system, it is no longer necessary to state the conclusions of law from the facts previously stated. Under the old system the facts, constituting the cause of action, were stated, and then in actions of assumpsit followed the conclusions of law, by means whereof the defendant became liable, &c.; and then followed the undertaking and promise upon which issue was joined. The consideration, when necessary, should always appear in the statement of facts constituting the cause of action. It has been supposed that a wider latitude should be allowed in equity pleading, and that evidence may to some extent, be incorporated in the statement'. The rale of the Code is broad enough for all cases, and it permits a statement of facts only as contra-distinguished from the evidence which is to establish those facts. But in an equity case the facts may be more numerous, more complicated, more involved; and the pleader may state all the facts, in a legal and concise form, which constitute the cause of action and entitle him to relief. The rule touching the statement of facts constituting the cause of action is the same in all cases, and the rules by which the sufficiency of the pleadings are to be determined are prescribed by the Code. In the present case the pleader, in stating the election, &c., stated facts in a legal form.
It is, however, claimed that sufficient facts are not stated; that the pleader should have stated the time when the election was held, and of this opinion was the supreme court. The decision was founded upon the rule that, in pleading, it is necessary to state a time when every material or traversable fact happened. Conceding that a demurrer will lie for omitting to state in the complaint when a material fact happened, is it clear that the time does not sufficiently *439 appear in this complaint ? It is alleged that at an election duly and legally held in said county, pursuant to the statute in such case made and provided, for the election, among other officers, of a county judge of said county, to discharge the duties of said office of county judge from the first day of January, 1852, for the term of four years, the said Crane was elected. Is not this a sufficient statement of the time when the election was held? Here is a reference to the statute, and that fixes the precise time ; indeed there could be no election on any other day than that fixed by the statute. If the electors were to assemble and vote on any other day, it would not be an election. The statute is a public act, and the courts will take judicial notice of it. In my opinion, adopting a liberal construction, there was a sufficient statement of the time of the election; and we are required to construe the allegations of a pleading liberally, with a view to substantial justice between the parties. (Code, § 159.) Under the old system, the omission to state the time when the facts happened could only be reached by special demurrer. Is it clear that the omission now, to state when material facts happened, is a cause of demurrer ? The complaint is to contain a statement of facts constituting a cause of action. It was formerly necessary to state the tune when every material and traversable fact happened, but generally it was not necessary to prove the time as alleged, unless it constituted a material part of the contract or had been stated as descriptive, &c. (1 Ch. Pl., 257.) In contemplation of the Code, is the time generally, when a fact happened, a fact ? If the time when a fact happened is material to constitute the cause of action, it should undoubtedly be stated. The fact without the time would be insufficient to constitute the cause of action; but if the time is immaterial, I do not think a demurrer will lie for omitting to state it. Suppose the plaintiff alleges that the defendant assaulted and beat him, without specifying any time, could the defendant demur on the ground that the complaint did not state facts *440 constituting a cause of action? He may have another remedy, but I do not think he can demur. Suppose the plaintiff alleges that he gave notice to the endorser of the dishonor of the note, but omitted to state when such notice was given, here the time is material. The fact stated will not constitute or aid in constituting a cause of action, unless it occurred at a certain time; disconnected from the time, it would be entirely immaterial; still it would be a notice. In the case under consideration, these could be no such thing as an election for county judge except at the time provided by the statute, and the complaint alleges that the relator was elected at such time.
It is provided in the Code (§ 160), that when the allegations of a pleading are so indefinite or uncertain that the precise nature of the charge or defence is not apparent, the court may require the pleading to be made more definite and certain. The remedy is here given for indefinite and uncertain allegations in the pleading. In the present case, the pleader referred to an election held pursuant to the statute; if the allegations were uncertain or indefinite as to the time, the defendant could have applied to the court for an order that they be made more definite and certain. In my opinion, the complaint does show with sufficient certainty that Crane had an interest in the question; its allegations are sufficient as to the time when the election was held; and if it was in this respect indefinite and uncertain, resort should have been had to the remedy given by § 160 of the Code.
The judgment should be reversed, and there should be judgment for the plaintiffs upon the demurrer, with leave to the defendant to answer upon terms, &c.
Johnson, J.
The supreme court, both at special and general term, upon demurrer to the complaint held that the day when the election was had, ought to have been stated : and then applying the rule of the former system of *441 pleading, that a demurrer admits only such facts as are well pleaded, they rejected the whole averment of the relator’s election, and proceeded to consider what judgment ought to be given upon a complaint in the nature of a quo warranto, where a person claiming the office is joined as plaintiff and fails to state a right thereto.
Under the Code of 1852 (§ 140) the rules by which the sufficiency of pleadings is to be determined are those prescribed by the Code itself. Subdivision 2 of § 142 requires that the complaint shall contain a plain and concise statement of £he facts constituting the cause of action, without unnecessary repetition. Section 159 requires that in the construction of a pleading for the purpose of determining its effect, its allegations shall be liberally construed with, a view to substantial justice between the parties.
The only cause of demurrer to which this defect, if it be one, can be referred, is that specified in subdivision 6 of § 144, that the complaint does not state facts sufficient to constitute a cause of action. This defect, if it exist, is not waived by a failure to demur. If, therefore, issue had been taken by the answer upon the averment in the complaint of the relator’s election and that issue had been tried and found for the relator, the defendant might still have availed himself of this objection. Upon the trial of such an issue, of course the relator would have been compelled to show an election lawfully held upon the day fixed by statute. I do not see, therefore, how substantial justice between these parties would be advanced by holding the omission to state the day on which the election was held, to be a fatal defect upon demurrer.
Construing the language of the averment by those ordinary rules which men apply to their communications with each other, and disregarding the technical rules of construction which belonged to the common law system of pleading, I think that an election legally held for the election of a county judge necessarily imports that it was held ox the *442 day fixed by law ; clearly no proof short of that would uphold the averment upon a trial.
Section 160 has provided a remedy for those cases in which the allegations of a pleading are so indefinite or uncertain that the precise nature of the charge or defence is not apparent. That remedy is by motion to the court to compel the party to make his pleading more definite and certain by amendments. If the defendant felt that his defence in this case was likely to be embarrassed by reason of the day not being stated on which the relator supposed himself to have been elected, he might by_motion have applied to the court to compel an amendment, and if the court agreed with him in opinion, they had the power to afford relief. We suppose it to be the purpose of this section, to provide for cases where the pleading is defective in form, and to facilitate the correction of such defects where they seem likely to embarrass either party in asserting or protecting his rights, while we regard the office of a demurrer upon the ground that facts sufficient to constitute a cause of action are not stated, as being to present the question upon the mere right of the party, free from all questions of form.
The judgment of the general term should be reversed with costs, and judgment rendered for the plaintiffs on demurrer, with leave to the defendant to answer within 20 days, on payment of costs.
Judgment accordingly.